**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Texas Insurance Company,

Plaintiff,

v.

Layton Construction Company LLC, OFHotel LLC, and Maya Hotel LLC,

Defendants.

No. CV-26-02998-PHX-JAT

**ORDER**

Federal courts are courts of limited jurisdiction.  As a result, federal courts can hear only those cases that the Constitution and Congress have authorized them to adjudicate; namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party asserting jurisdiction bears the burden of proving jurisdiction.  *Id.* "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

Here, although the complaint alleges that this Court has diversity jurisdiction, the complaint fails to sufficiently plead diversity jurisdiction.  *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company). To properly plead diversity jurisdiction, a complaint must list the citizenship of every member of any party that is a limited partnership or limited liability company.  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606,

611 (9th Cir. 2016).

In this case, Plaintiff fails to list the members of Layton, LLC. Thus, Plaintiff must file a supplement to the complaint and list all the members of Layton, LLC and their citizenship.

Further as to all Defendants, Plaintiff states that its citizenship allegations are based on information and belief. While alleging jurisdiction on information and belief is permissible at the pleading stage in this circuit, this Court may require that jurisdiction be established after allowing discovery. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014). Accordingly, the Court will require Plaintiff to take discovery and, by the deadline set forth below, file a jurisdictional supplement that proves: 1) the members of each limited liability company on the date the complaint was filed; and 2) the citizenship of each of the members of each limited liability company on the date the complaint was filed.

If Plaintiff fails to comply with the requirements of this Order, this case will be dismissed, without prejudice, for lack of jurisdiction. This Order is without prejudice to any Defendant moving to dismiss for lack of jurisdiction.

Based on the foregoing,

**IT IS ORDERED** that by May 27, 2026, Plaintiff must file a supplement to the complaint listing the name and citizenship of each member of Layton, LLC.

**IT IS FURTHER ORDERED** that by October 29, 2026, Plaintiff must file a supplement to the complaint proving federal subject matter jurisdiction (not on information and belief).[1]

Dated this 13th day of May, 2026.

_____
James A. Teilborg
Senior United States District Judge

---

[1] All parties must also comply with Federal Rule of Civil Procedure 7.1(a)(2) by filing the disclosure statement required for cases in which jurisdiction is alleged to be based on diversity.

- 2 -