WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Texas Insurance Company,

Plaintiff,

v.

Layton Construction Company LLC, et al.,

Defendants.

No. CV-26-02998-PHX-JAT

**ORDER**

Plaintiff filed this case on April 29, 2026. The time to serve under Federal Rule of Civil Procedure 4(m) expired on July 28, 2026. There is no evidence in the record that Plaintiff served any of the three Defendants. Thus, on September 2, 2026, the Court required Plaintiff to show cause why this case should not be dismissed for failure to serve.

Plaintiff responded to the Order to Show Cause and said that because Plaintiff failed to properly plead diversity jurisdiction in the complaint, and because the Court required a supplement wherein Plaintiff established this Court's jurisdiction, Plaintiff "interpreted" the Court's orders regarding jurisdiction as tolling the time to serve. (Doc. 8). Such an interpretation is belied by the record, and an interpretation an attorney could make in good faith.

The Court's May 13, 2026 Order regarding jurisdiction addressed two issues. The first issue was the fact that Plaintiff did not apply the proper law with respect to a limited liability company, and failed to plead the citizenship of each member of the limited liability company Defendants. (Doc. 4). Plaintiff, in lieu of supplementing, filed a "proposed

supplemental complaint" to address this issue. (Doc. 5). A "supplemental complaint" is permissible only for events that occurred after the original pleading was filed; nonetheless the Court did not strike the filing. *See* Fed. R. Civ. P. 15(d). The proposed supplemental complaint made jurisdictional allegations that were not credible, but the Court did not dismiss this case at that time. Specifically, after reviewing the proposed supplemental complaint, the Court stated:

> "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Colston v. Allstate Vehicle Prop. & Ins. Co.*, No. CV-25-01052-PHX-DWL, 2025 WL 2202451, at *1 (D. Ariz. Aug. 4, 2025).
>
> In the supplement, Plaintiff alleges that 4 of the 5 members are domiciled together in Utah (at what public records suggest is a commercial building). Plaintiff alleges that the fifth member is domiciled at the exact same address, albeit in New York. The Court seriously questions the veracity of these allegations and whether counsel for Plaintiff is taking his Rule 11 obligations seriously.
>
> However, if these allegations are true, Plaintiff has alleged complete diversity. Therefore, the Court will take no further action on this issue at this time.

(Doc. 6).

The second issue addressed in the Court's order regarding jurisdiction was the fact that Plaintiff alleged jurisdiction on information and belief. Regarding pleading on information and belief, the Court stated:

> While alleging jurisdiction on information and belief is permissible at the pleading stage in this circuit, this Court may require that jurisdiction be established **after allowing discovery**. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014). Accordingly, the Court will require Plaintiff to **take discovery** and, by the deadline set forth below, file a jurisdictional supplement that proves: 1) the members of each limited liability company on the date the complaint was filed; and 2) the citizenship of each of the members of each limited liability company on the date the complaint was filed.

(Doc. 4) (emphasis added).

Because taking discovery in a civil case cannot begin immediately, the Court gave Plaintiff six months to complete jurisdictional discovery. (*Id.*). Now, Plaintiff argues that Plaintiff believed that the opportunity to "take discovery" from Defendants tolled the time to serve. Such an argument is neither credible nor reasonable. Obviously, taking discovery

requires service, followed by a Federal Rule of Civil Procedure 26(f) conference; and any competent attorney is aware of this. Moreover, the *Carolina Cas. Ins. Co.* case that this Court directed Plaintiff to explains when discovery starts:

> If and when the defendants respond to the complaint, the district court can revisit the jurisdictional allegations. If the defendants deny that the court has jurisdiction, the district court should evaluate the record created by the parties to determine its jurisdiction. [] Jurisdictional discovery may be appropriate. [] Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction. []

*Carolina Cas. Ins. Co.*, 741 F.3d at 1088 (citations omitted).

Based on the foregoing, the Court finds that Plaintiff's argument that it believed the opportunity to take jurisdictional discovery tolled the time to serve is neither credible, nor if actually believed by counsel, a reasonable belief by a competent attorney. Thus, Plaintiff failed to show cause why Plaintiff did not timely serve the Defendants.

In the response to the order to show cause, Plaintiff also states, "Plaintiff respectfully request [*sic*] that the Court discharge the Order to Show Cause and allow this matter to proceed on the merits. Plaintiff will then immediately serve the Complaint for Declaratory Judgment to all Defendants." (Doc. 8). Notably, this statement is not a motion for extension of time to serve.

Even if Plaintiff's statement could be interpreted as motion, Plaintiff failed to apply the tests for extensions of time to serve. Specifically, there are two routes for the Court to extend time under Rule 4(m). *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

> The first is mandatory. Based upon the plain language of that Rule, "the district court **must** extend time for service upon a showing of good cause." *Lemoge*, 587 F.3d at 1198.
>
> The second is discretionary. Notwithstanding Rule 4(m), "if good cause is not established, the district court **may** extend time for service upon a showing of excusable neglect." *Id.*
>
> Engaging in the two-step analysis which the Ninth Circuit requires, the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id*. (citation omitted).

*Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011) (cleaned up).

To establish good cause, Plaintiffs must show: 1) excusable neglect; and Plaintiff may be required to also show: 2) the party to be served received actual notice of the suit; 3) the party to be served would suffer no prejudice; and 4) Plaintiff would suffer severe prejudice if the complaint were dismissed. *Lemoge*, 587 F.3d at 1198 n.3. In the absence of good cause, the Court must proceed to the second route, and decide whether, in its discretion, to extend the prescribed time for service. The Ninth Circuit Court of Appeals has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D. Hawai'i Aug.18, 2011) (quoting *In re Sheehan*, 253 F.3d at 513 (citation omitted)).

However, that broad discretion is not limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test...." *Trueman*, 2011 WL 6721327 at *5.

> That four-factor equitable test requires, at a minimum, examination of: 1) the danger of prejudice to the opposing party;[1] 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay;[2] and 4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261. Those four enumerated factors are "not an exclusive list," however. *Lemoge*, 587 F.3d at 1195. "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010). Thus, "what sorts of neglect will be considered 'excusable' ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395.

*Id*. at *6 (cleaned up, footnotes added).

Again, as stated above, Plaintiff's counsel did not address any of the foregoing tests. The Court finds there is not good cause for the reasons stated above and because there is no evidence that Defendants were all aware of this lawsuit.

---

[1] "Prejudice to defendants 'requires greater harm than simply that relief would delay the resolution of the case.'" *Trueman*, 2011 WL 6721327, *4 (quoting *Lemoge*, 587 F.3d at 1196).

[2] The Court of Appeals has instructed that excusable neglect encompasses "negligence" and "carelessness." *Lemoge*, 587 F.3d at 1192.

The Court also declines to exercise its discretion to extend time to serve because the Court does not find excusable neglect. Applying the factors, the Court finds that the delay potentially prejudiced the opposing party because the Defendants have been proceeding in the underlying lawsuits without the benefit of knowing the outcome (or perhaps existence of) a coverage dispute. The Court finds that the length of the delay is not extremely long only because the Court issued a show cause order, not because Plaintiff took any ownership of its own case. Moreover, Plaintiff's claimed reason for the delay, namely the Court inquiring about jurisdiction, was caused by the Plaintiff's failure to plead jurisdiction a legally correct way in the complaint or in a credible way in the supplement. Additionally, the Court finds there is no credible reason for the delay as discussed above. Finally, the Court finds that Plaintiff, based on the arguments discussed above, did not act in good faith. Thus, the Court will not extend the time to serve.

Based on the foregoing,

**IT IS ORDERED** dismissing this case, without prejudice, due to Plaintiff's failure to timely serve under Federal Rule of Civil Procedure 4(m). The Clerk of the Court shall enter judgment accordingly.

Dated this 4th day of September, 2026.

James A. Teilborg
Senior United States District Judge